IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil No.  02-507-DRH-PMF |
| | ) |
| DR. DOUGHTY and DR. ANYANWU, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Anyanwu's motion for summary judgment (Doc. No. 97). Plaintiff filed this action pursuant to 28 U.S.C. § 1983 and state law, challenging the conditions of his confinement at Menard Correctional Center between 2001 and 2003. He alleges that he has serious medical needs resulting from a spinal injury causing partial paralysis. Specifically, he alleges that he has a medical history of bedsores occurring as a result of unrelieved pressure on skin and is especially vulnerable to bedsores. With respect to defendant Anyanwu, plaintiff alleges that this medical doctor violated the Eighth Amendment's proscription against cruel and unusual punishment in two ways: (1) by refusing to take reasonable steps to prevent bedsores by authorizing a special "egg crate" foam mattress and (2) by refusing to treat bedsores on plaintiff's left side and buttocks between October, 2001, and August, 2002.[1] Plaintiff also claims that defendant Anyanwu committed medical malpractice under the common law of the State of Illinois. The motion before the Court only targets plaintiff's § 1983 claim. The motion is opposed (Doc. Nos. 99).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,

---

[1] For purposes of this motion, the first part of plaintiff's Eighth Amendment claim is referred to as a "prevention" claim while the second part is referred to as a "treatment" claim.

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### I.      Exhaustion of Administrative Remedies - Treatment Claim

Defendant claims that plaintiff did not exhaust administrative remedies with respect to the treatment aspect of his Eighth Amendment claim. Plaintiff argues that he exhausted administrative remedies with respect to his claim that defendant Anyanwu ignored symptoms of bedsores and failed to provide any treatment for bedsores between October 25, 2001, and August 27, 2002.

Although exhaustion of administrative remedies is a precondition to suit, 42 U.S.C. § 1997e(a); *Massey v. Helman*, 259 F.3d 641, 645-46 (7th Cir. 2001), defendant Anyanwu has the burden of pleading and proving this defense. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). In order to properly exhaust, a prisoner must submit inmate complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

According to the Illinois Administrative Code and the affidavit signed by Terri Anderson, a grievance procedure is available to Illinois inmates. Inmates must present their concerns through three stages beginning with an informal attempt to resolve the complaint, progressing through a formal review by a grievance officer and the warden, and ending with an appeal to the Director via the Administrative Review Board (ARB). 20 Ill. Adm. Code § 504.810. Ms. Anderson searched

records compiled by the ARB between November, 2001, and June, 2005. She could not locate any grievance from the plaintiff accusing defendant Anyanwu of failing to treat bedsores (Doc. No. 97-6).

Defendant Anyanwu has demonstrated that plaintiff did not submit his bedsore treatment dispute to the ARB before that claim was added to this litigation. Ms. Anderson's affidavit is sufficient to show that plaintiff did not exhaust his administrative remedies before the ARB on the treatment aspect of his Eighth Amendment claim.

In an effort to create a factual dispute on the exhaustion defense, plaintiff presents the following documents, suggesting that there are enough facts to support an inference that he exhausted administrative remedies regarding lack of treatment for bedsores: a memorandum describing a November 30, 2001, grievance regarding medication and a mattress and documents pertaining to a March, 2003, grievance regarding medical treatment at Lawrence Correctional Center. These documents do not rationally support an inference that plaintiff processed a grievance through the ARB regarding Anyanwu's alleged lack of bedsore treatment between October, 2001, and August, 2002. The treatment aspect of plaintiff's Eighth Amendment claim should be dismissed without prejudice for failure to exhaust administrative remedies.

**II.     Qualified Immunity - Prevention Claim**

Defendant Anyanwu also argues that he is immune from an award of damages because the conduct attributed to him (failure to authorize a special mattress to prevent bedsores) is not a clear violation of the Eighth Amendment. Viewing the facts in plaintiff's favor, he has a medical history of bedsores and is especially prone to bedsores due to his physique and medical condition. Before plaintiff arrived at Menard Correctional Center, other physicians authorized his request for an egg

3

crate mattress.

When defendant Anyanwu evaluated plaintiff's condition in October and December, 2001, plaintiff asked for an egg crate mattress. Defendant Anyanwu declined to approve the request because he did not consider a special mattress to be medically necessary at the time and because he thought an egg crate mattress would present a fire hazard. He responded to the possibility that plaintiff could develop bedsores by advising plaintiff to turn himself to prevent bedsores from developing. When Dr. Anyanwu offered this advice, plaintiff was able to turn himself. However, he was not comfortable laying on his right side and needed to twist his body in order to relieve pressure on his skin. Around December, 2001, plaintiff's skin appeared bruised, which could have been an early stage of a bed sore. Plaintiff subsequently developed bedsores on his left side and buttocks.

In order to resolve the qualified immunity defense, the Court first decides whether the alleged conduct violated a Constitutional right, taking the facts in the light most favorable to plaintiff. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In order to establish a violation of the Eighth Amendment in a case involving medical care, the law requires plaintiff to show two things: that he had a serious medical need and that defendant Anyanwu was deliberately indifferent. In this context, deliberate indifference may be inferred if Dr. Anyanwu's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that he did not base his decision on professional judgment. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996).

In response to the qualified immunity defense, plaintiff points to documents showing that,

at other times during his confinement, some other physicians authorized his requests for an egg crate mattress. The law does not recognize differing medical opinions regarding preventive care as deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001). Moreover, no facts suggest that Dr. Anwanyu recommendation (that plaintiff turn himself to prevent bedsores) amounts to a substantial departure from accepted professional judgment. Viewed in plaintiff's favor, the evidence does not demonstrate a constitutional deprivation. Hence, defendant Anyanwu is entitled to qualified immunity on the prevention aspect of plaintiff's Eighth Amendment claim.

### III.   Remaining Arguments

Because defendant Anyanwu has advanced meritorious defenses to both aspects of plaintiff's § 1983 claim, the remaining arguments are not considered.

### IV.   Conclusion

IT IS RECOMMENDED that defendant Anyanwu's motion for summary judgment (Doc. No. 97) be GRANTED. Judgment should enter in favor of defendant Anyanwu on plaintiff's § 1983 claim at the conclusion of this case. If this recommendation is adopted, plaintiff's state law malpractice claim will remain for trial.

SUBMITTED:   May 19, 2006   .

*s/Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE