IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID WILKERSON,**

**Plaintiff,**

**v.**

**DR. DOUGHTY and DR. ANYANWU,**

**Defendants.**                                                              **No. 02-CV-507-DRH**

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I. Introduction

Plaintiff David Wilkerson ("Plaintiff") filed an amended complaint pursuant to **42 U.S.C. § 1983**, alleging that Defendant Anyanwu ("Defendant") violated the Eighth Amendment's proscription against cruel and unusual punishment and committed medical malpractice under the common law of the State of Illinois. (Doc. 90.) Specifically, Plaintiff alleges that Defendant refused to order Plaintiff an eggcrate mattress to help prevent and treat bedsores, which Plaintiff was prone to as a result of a spinal cord injury that left him partially paralyzed. On September 20, 2005, Defendant filed a motion for summary judgment. (Doc. 97.) Plaintiff opposed the motion (Doc. 99) and Defendant replied (Doc. 100).

## II. Analysis

This matter comes before the Court on a Report and Recommendation (the "Report") filed by Magistrate Judge Philip M. Frazier on May 19, 2006 pursuant

to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 103.) The Report concerns the motion for summary judgment filed by Defendant. (Doc. 97.) Judge Frazier notes in the Report that Defendant's motion only targets Plaintiff's § 1983 claim and, therefore, the medical malpractice claim will remain for trial. As to the § 1983 claim, Judge Frazier recommends that the motion be granted. (Doc. 103.) Defendant filed a timely objection to the Report (Doc. 104), as did Plaintiff (Doc. 106). Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

**A.   Summary Judgment**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at**

323). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks*, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

### B. Plaintiff's Objections

Plaintiff filed an objection to the Report. (Doc. 106.) Specifically, Plaintiff objects to the Report's findings that 1) the treatment aspect of Plaintiff's Eighth Amendment claim should be dismissed without prejudice for failure to exhaust administrative remedies, and 2) Defendant Anyanwu is entitled to qualified immunity on the prevention aspect of plaintiff's Eighth Amendment claim. Plaintiff does not raise any new arguments in his objection to the Report.

#### 1. Exhaustion of Administrative Remedies

Pursuant to **42 U.S.C. § 1997e(a)**, "No action shall be brought with respect to prison conditions under **section 1983** of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is a precondition to suit, and is required before a suit can be brought. ***Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535-36 (7th Cir. 1999)**. It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 534 U.S. 516, 532 (2002)**. Exhaustion must occur before a suit is filed, ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**, and requires that prisoners "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

In Illinois, the prisoner-grievance system is laid out in **Ill. Admin. Code tit. 20, § 504.800 et seq.** The regulations therein provide that an inmate must submit her grievance to a grievance officer, who then makes a written report to a Chief Administrative Officer. That individual issues a written decision. If the grievance is denied, the inmate has thirty days in which to file an appeal with the Administrative Review Board ("ARB"). *Id.*

Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to the treatment aspect of Plaintiff's Eighth Amendment claim. Defendant submitted an affidavit signed by Terri Anderson, Chairperson of the Illinois Department of Corrections Administrative Review Board, in support of this claim. (Doc. 97, Ex. 5.) Ms. Anderson's affidavit states that she had conducted a review of the Administrative Review Board records and that "no grievances have ever been filed by Inmate Wilkerson to the ARB . . . regarding Dr. Anyanwu's alleged failure to treat his bedsores while he was incarcerated at Menard Correctional Center." (*Id.*) In Plaintiff's Objection to the Report and Recommendation, Plaintiff counters that he did, in fact, exhaust all administrative remedies that were available to him and resubmits letters related to the grievance process in support of this argument. (Doc. 105.) The first letter is dated February 20, 2002 and is from Mavis Gross, Grievance Officer. The letter states that Plaintiff "grieves that he is not getting proper medication and is in need of an egg crate mattress." (Doc. 105, p. 5.) The second letter is dated March 28, 2002 and is signed by Leora Harry of the

Administrative Review Board and Donald N. Snyder, Jr., Director of the Administrative Review Board. (Doc. 105, p. 6.) The letter states that it is in response to a grievance received from Plaintiff regarding an eggcrate mattress. (*Id*.)

In Defendant's motion for summary judgment, he essentially argues that Plaintiff makes two claims: 1) Defendant failed to treat Plaintiff's bedsores, and 2) Defendant failed to order Plaintiff an eggcrate mattress. (Doc. 97, p. 2.) Defendant further argues that while Plaintiff exhausted administrative remedies related to his request for an eggcrate, Plaintiff did not exhaust administrative remedies related to his bedsore treatment claim. (Doc. 97, p. 12.) The Court finds this to be an unnecessary distinction. In fact, Plaintiff does not make this distinction. Plaintiff suggests that Defendant's refusal to provide an eggcrate mattress amounted to a denial of treatment of his bedsores. (Doc. 79, p. 3.) The Court finds it reasonable to construe a request by a paraplegic for an eggcrate mattress as the same as a request for bedsore treatment. Defendant does not dispute the fact that Plaintiff exhausted administrative remedies with regard to his request for an eggcrate mattress. Therefore, the Court finds that Plaintiff exhausted administrative remedies with respect to Plaintiff's **§ 1983** claims.

    **2.    Qualified Immunity - Prevention/Treatment Claim**

In ***Estelle v. Gamble,* 429 U.S. 97 (1976)**, the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the states through the Due Process Clause of the Fourteenth

Amendment, imposes a duty upon states to provide adequate medical care to incarcerated individuals. *See id.* **at 103;** *see also Walker v. Benjamin*, **293 F.3d 1030, 1036-37 (7th Cir. 2002)** (noting that deliberate indifference to prisoners' serious medical needs violated the Eighth Amendment **(citing** *Estelle,* **429 U.S. at 104-05))**. To create a violation by failing to provide medical care, there must be "deliberate indifference" to a substantial risk of harm. *Sherrod v. Lingle,* **223 F.3d 605, 610 (7th Cir. 2000) (citing** *Farmer,* **511 U.S. at 837, 114 S.Ct. 1970)**. This standard erects two high hurdles which every inmate-plaintiff must clear. *Winnebago County,* **165 F.3d at 590**. The plaintiff must show: 1) the medical condition was objectively serious; and 2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod,* **223 F.3d at 610**.

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, **111 F.3d 1364, 1373 (7th Cir. 1997).**

To show deliberate indifference, a plaintiff must establish that the jail official "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. *Perkins v. Lawson*, **312 F.3d 872, 875 (7th Cir. 2002)(citing** *Wynn v. Southward,* **251 F.3d 588 (7th Cir. 2001))**. The Seventh Circuit has said that deliberate indifference requires a showing of more than mere negligence (or even gross negligence) but less than purposeful infliction of harm. *Woodward v. Correctional Medical Services*

of Illinois, Inc., **368 F.3d 917, 926 -927 (7th Cir. 2004)**(citing *Matos ex rel. Matos v. O'Sullivan,* **335 F.3d 553, 557 (7th Cir. 2003);** *Perkins,* **312 F.3d at 875)**.  Furthermore, an inmate is not entitled to demand specific care, nor is he entitled to the best care available.  *Forbes v. Edgar,* **112 F.3d 262, 267 (7th Cir. 1997)**.

Plaintiff alleges that Defendant Anyanwu violated his rights under the Eighth Amendment by being deliberately indifferent to his medical needs concerning the prevention and treatment of his bedsores.  Defendant argues that Plaintiff's bedsores, at the time complained of, do not constitute a serious medical condition. (Doc. 97, p. 14.)  Plaintiff disagrees.  Assuming for purposes of summary judgment that the bedsores were objectively serious, the Court, nonetheless, disposes of Plaintiff's complaint under the second prong of the deliberate indifference test.

Plaintiff testified that an eggcrate mattress was prescribed for him in 1984 while he was incarcerated at Dixon Correctional Center.  The prescription was renewed in 2000.  (Deposition, pp. 25-26.)  Plaintiff was transferred to Pinckneyville in February, 2001 and again prescribed an eggcrate mattress.  (Deposition, pp. 24, 26-27.)  However, when Plaintiff was transferred to Menard Correctional Center in October, 2001 his request for an eggcrate mattress was denied.  (Deposition, p. 27.) Instead, Defendant recommended self-turning. (Doc. 97, p. 5.)  Defendant believes that eggcrate mattresses have little or no therapeutic value. (*Id.*, p. 9.)  Defendant also believes that the best way to prevent bedsores is to turn oneself frequently so as not

to remain in the same position for long periods of time. (Id., p. 10.) Defendant also maintains that eggcrate mattresses are a fire hazard and pose a threat to security. (Id.)

Deliberate indifference may be inferred if Defendant's decision to deny an eggcrate mattress is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that he did not base his decision on professional judgment. ***Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996).** Construing the evidence in the light most favorable to Plaintiff, it is apparent that Plaintiff has established nothing more than a disagreement about the therapeutic value of an eggcrate mattress. Plaintiff believes that an eggcrate mattress has therapeutic value. Presumably, some doctors share this belief, as an eggcrate mattress has been prescribed for Plaintiff in the past. However, a "difference of opinion as to how a condition should be treated does not give rise to a constitutional violation." ***Garvin v. Armstrong*, 236 F.3d 896, 897 (7th Cir. 2001).**

Reviewing the record, drawing reasonable inferences and resolving factual disputes in favor of Plaintiff , the Court finds that Defendant is entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

### C. Defendant's Objection

Defendant filed an objection (Doc. 104) to the Report's finding that the Defendant's motion for summary judgment did not raise Plaintiff's medical malpractice claim. Based on this finding, Magistrate Judge Frazier held that Plaintiff's state law malpractice claim should proceed to trial. The Court understands

why Magistrate Judge Frazier would make this finding. Defendant's only mention of the malpractice claim comes in a footnote at the end of his memorandum. (Doc. 97, fn. 12.) The Court notes that this is a an extremely poor way to raise an issue for summary judgment. It is in the best interest of parties who are seeking summary judgment to raise the issues they wish the Court to consider in a clear and straightforward manner. More importantly, it is crucial that the issue is raised in a manner that puts the opposing party on notice that they must respond to the matter.

The Court, however, having reviewed the Record, finds that Plaintiff has had ample notice of this issue and a reasonable opportunity to respond to Defendant's arguments. (Docs. 79, 106.) Plaintiff has been made well aware of the requirement under **735 Ill. Comp. Stat. 5/2-622** that a plaintiff alleging medical malpractice must file an affidavit swearing that he has consulted with a licensed physician who has determined that there is a "reasonable and meritorious" basis for the lawsuit. (Docs. 79, 106.) Although Plaintiff is aware of this requirement, he argues that he has been unable to afford the postage necessary to obtain a report or affidavit from a healthcare professional. (Doc. 106.) However, the Court finds no precedent allowing an exception to the affidavit requirement. Failure to submit an affidavit and report in compliance with Section 2-622 is grounds for dismissal under **735 Ill. Comp. Stat. 5/2-619.** For Plaintiff to proceed with his medical malpractice claim, he must obtain an affidavit from a healthcare professional. At this time, the Court must dismiss Plaintiff's medical malpractice claim, however, without prejudice and with leave to

amend. *Sherrod,* **223 F.3d at 613-14.** Plaintiff has until November 10, 2006 to file an amended complaint. Plaintiff may need to retain legal counsel to assist him with securing an affidavit, if he chooses to proceed. If Plaintiff makes reasonable and diligent efforts to retain legal counsel and is unable to do so, he may then file a motion requesting that the Court appoint legal counsel to his case.

### III. Conclusion

Therefore, for the reasons set forth above the Court **ADOPTS** Judge Frazier's Report (Doc. 103), in so far as it **GRANTS** Defendant's motion for summary judgment (Doc. 97) and dismisses Plaintiff's § 1983 claim with prejudice. (Doc. 97.) The Court **MODIFIES** the Report with respect to the medical malpractice claim. The Court **DISMISSES without prejudice** Plaintiff's medical malpractice claim and grants Plaintiff leave to amend. Plaintiff has until November 10, 2006 to file an amended complaint.

**IT IS SO ORDERED**.

Signed this 5th day of September, 2006.

/s/      David   RHerndon
**United States District Judge**